FILED
CLERK, U.S. DISTRICT COURT

Aug 26, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ___PMC___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CORDOVA,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TARGET CORPORATION; JULIE TURNER; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>2:16-cv-04809-SVW-AJW<br><br>ORDER GRANTING PLAINTIFF CORDOVA'S MOTION TO REMAND<br><br>JS - 6 |

### I.　INTRODUCTION

　　Plaintiff Daniel Cordova ("Cordova") is a citizen of California. He filed this lawsuit on May 10, 2016 in the Superior Court of California against Defendant Target Corporation ("Target") and Defendant Julie Turner ("Turner"). Target is a Minnesota corporation and Turner is a citizen of California. On June 30, 2016, Target removed this case to Federal court without joining Turner on the basis that she is a sham Defendant. If true, then Cordova and Target are diverse parties and this Court would have jurisdiction. Cordova moves to remand this case arguing that Turner was not fraudulently joined, and thus there is not complete diversity between the parties.

For the following reasons, this Court holds that Turner was not fraudulently joined and GRANTS the motion to remand.

## II.    ANALYSIS

A District Court must remand a case if there is a lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1441. The Defendant bears the burden of showing that removal was proper. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir.1988).

Cordova alleges both that this Court lacks subject matter jurisdiction and that there was a defect in the removal procedure. Since this Court finds that it lacks jurisdiction, there is no reason to address Cordova's allegations of a procedural defect. As for jurisdiction, Target has the burden of showing removal was proper. In order to do so they must show that Turner is not a proper defendant in this case. They offer two arguments to this effect: (A) that Turner was fraudulently joined, and (B) that Turner was not properly served.

### A.    Fraudulent Joinder

To succeed on a claim of fraudulent joinder the defendant must show there is no possibility that the plaintiff can recover against the alleged sham defendant. *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D.Cal.1998). The Court must construe all facts and ambiguities in favor of the plaintiff. *See Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009).[1]

---

[1] The other way to show fraudulent joinder is when there is *actual fraud* in the pleading of jurisdictional facts. *Smallwood*, 385 F. 3d at 573. This occurs if plaintiff lies about either his citizenship or the citizenship of a defendant to make it seem as if no diversity exists when in fact there is complete diversity. There is no allegation Cordova has fraudulently stated any jurisdictional facts in this case. Defendants cite no law, and the Court cannot find any, that states evidence a defendant is joined solely to defeat diversity mandates a finding of fraudulent joinder, regardless of the possibility of recovery against the defendant.

2

Here, Target alleges that an email sent from Cordova's counsel to Target's counsel proves Turner is a sham defendant. Target also argues that there is no possibility that Cordova can succeed on the merits of his State law claims against Turner.

### i. The Email

Counsel for Cordova stated in an email to Target's counsel that "Julie Turner can be removed from all causes of action if Defendant will stipulate to jurisdiction and venue in LA County Superior Court, Torrance." Dkt. 3 Ex. D. This Court cannot consider the email for purposes of deciding the Motion to Remand, and further a plaintiff's intent for joining a defendant is immaterial for fraudulent joinder analysis.

While it is true that this Court may look to extrinsic evidence in order to determine whether fraudulent joinder occurred, *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001), this inquiry is to determine "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004). "In this inquiry the ***motive or purpose*** of the joinder of in-state defendants is ***not relevant***." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (emphasis added). More to the point, "the plaintiff's intent that the joinder[] of a defendant should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal." *Salvaggio v. Safeco Prop. & Cas. Ins. Companies*, 458 F. Supp. 2d 283, 286 (E.D. La. 2006).

The statement by Cordova's counsel does not speak to the merits of any cause of action alleged against Turner. Thus, not only is this email inappropriate extrinsic evidence for the Court to consider, but even if considered Cordova's intent in joining Turner is immaterial as long as he has the possibility of recovery.

ii.     Possibility of Recovery

In the First Amended Complaint Cordova alleges several causes of action against Turner. He alleges a hostile work environment due to harassment based on race, national origin, ancestry, age, and parental status. Dkt. 3 Ex B. He further alleges causes of action based on invasion of privacy and intentional infliction of emotional distress ("IIED"). *Id.* For this Court to find that Turner is not a sham defendant, Cordova must have a possibility of recovery under any one of these theories. Since this Court finds that Cordova may have a viable claim for IIED, it is unnecessary to consider the viability of any other cause of action.

To state a claim for IIED in California, plaintiff must assert that "(1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 745 (2002). California courts have found that allegations a supervisor called a plaintiff racial epithets was sufficient to state a claim for IIED. *See, e.g., Alcorn v. Anbro Eng'g, Inc.*, 2 Cal.3d 493, 499 (1970). Further, "California case law is replete with cases where conduct of the employer . . . is so outside the bounds of conduct tolerated by a decent society that it may give rise to a claim for intentional infliction of emotional distress." *Calero v. Unisys Corp.*, 271 F.Supp.2d 1172, 1178 (N.D. Cal. 2003).

Here, while perhaps not rising to the level of racial epithets, Cordova alleges Turner made several racially charged statements toward him. See Dkt. 17 pg. 10. He also alleges she made several other disparaging comments towards him based on national origin, ancestry, age and parental-status. *Id.* at 10-11. Cordova alleges he suffered "monetary damages, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress." Dkt. 3 Ex. B. *See Onelum v. Best Buy Stores L.P.*, 948 F.Supp.2d 1048, 1053 (C. D. Cal. 2013) (finding

4

IIED claim against non-diverse defendant was not a sham when plaintiff suffered anxiety attacks, lack of sleep and fatigue). Cordova also alleges that Turner's actions were the direct and proximate cause of his harm. Dkt. 3 Ex. B. These facts may or may not be weaker than other IIED cases. Regardless, the "no possibility" standard is very strict and has not been met.

Further, this Court does not find that Cordova's IIED claims are necessarily barred by the Workers' Compensation Act. The *Onelum* Court addressed this issue thoroughly finding that actions by superiors outside the scope of the "normal risks of employment" can be actionable as an IIED claim. 948 F.Supp.2d at 1054-55. In also remanding an IIED case, the *Calero* Court stated "[t]here is no bright line test in determining what behavior is part of the employment relationship . . . . Nevertheless, district courts must resolve ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder." 271 F.Supp.2d at 1181. Similarly, in this case the disparaging comments Turner allegedly made may or may not be considered part of the "normal risks of employment." There is at least some possibility they were beyond the scope of employment and that Cordova's IIED claims will not be barred by the Workers' Compensation Act.

### B.    Service of Process

The parties dispute whether Turner was properly served in this case. Both parties present evidence in the form of declarations or documents to support their assertions. However, the Court will not address the merits of this dispute. This is a factual dispute that for purposes of a Motion to Remand must be decided in favor of the Plaintiff Cordova. See *Padilla*, 697 F.Supp.2d at 1158. If Turner's service was in error, the Los Angeles Superior Court can so decide. If Turner is then dismissed, for this reason or any other, Target can again seek to remove this action.

### III. SUBSIDIARY ISSUES

Cordova alleges that Target failed to meet and confer according to Local Rule 7-3. Regardless of the merits of this claim, this Court finds that Cordova suffered no real prejudice as a result and declines to take further action in this regard. See *Reed v. Sandstone Properties, L.P.*, No. CV 12-05021 MMM VBKX, 2013 WL 1344912 *6 (C.D. Cal. Apr. 2, 2013) (considering a motion on its merits when no real prejudice resulted from a failure to comply with Local Rule 7-3). Also, this Court finds that Target had an objectively reasonable basis to remove the case and a good faith belief that Turner was a sham defendant, thus Cordova will not be awarded costs and fees. See *Gardner v. UICI*, 508 F.3d 559, 561-63 (9th Cir. 2007). This Court also denies both parties' requests for sanctions under Rule 11.

### IV. CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiff's Motion to Remand. The Clerk shall close this action and remand it to the Los Angeles County Superior Court, Southwest District, Case No. YC071318.

IT IS SO ORDERED.

Dated: August 26, 2016

_____
STEPHEN V. WILSON
United States District Judge